UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS, | No. 2:14-cv-0977 KJM KJN P |
| Plaintiff, | |
| v. | ORDER and |
| K. HARRIS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On May 5, 2014, this court deferred review of plaintiff's complaint pending plaintiff's payment of the filing fee, or submission of an application to proceed in forma pauperis. (ECF No. 5.)  It has since come to the attention of the undersigned that plaintiff is a "three strikes litigant," under 28 U.S.C. § 1915(g).  As a three strikes litigant, plaintiff may not proceed in forma pauperis unless he demonstrates that he was "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. § 1915(g).  If plaintiff cannot make this showing, his only option for proceeding with this action is to pay the full filing fee.

The undersigned takes judicial notice[1] of the National Pro Se Three-Strikes Database,[2]

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

1

and the fact that plaintiff has there been designated a three strikes litigant since July 28, 1997.[3]

To satisfy the exception for full payment of the filing fee, a three strikes litigant must allege facts demonstrating that, when he filed his complaint, he was then "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g).[4]. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g)").

Pursuant to his complaint, filed April 21, 2014, plaintiff contests the alleged failure of prison officers to inventory plaintiff's personal property on December 27, 2013, when plaintiff was transferred from "New Folsom" prison (California State Prison-Sacramento (CSP-SAC)), to Salinas Valley State Prison (SVSP). (See ECF No. 1) Plaintiff alleges in full (id. at 2) (sic):

> On December 27, 2013 I was transferred to Salinas Valley State Prison without my property being inventory by New Folsom staff property officers. The property officers on Dec. 27, 2013 order two inmates work in property room to put my in boxes on 12/27/2013. The rules is that any time inmate transferred his property should be inventory pursuant to Title 15 1083 inventory property D.O.M. 500.24 property.

The complaint does not allege that plaintiff failed to receive any of his property upon his arrival at SVSP. The complaint names as defendants California Attorney General Harris, California Governor Brown, "Marybel Batser, Secretary," CSP-SAC Warden Virga, California State Controller John Chiang, and two other individuals, Michael A. Ramo, and Julie Nauman, both of

---

[3] Another magistrate judge in this court recently summarized the prior rulings that support plaintiff's three strikes designation. See Harris v. Virga, Case No. 2:13-cv-00932 GEB AC P (ECF No. 7 (Findings and Recommendations filed June 18, 2013).) These findings and recommendations were adopted by the district judge on July 8, 2013, and plaintiff's appeal was dismissed on August 27, 2013, with the statement that, "[b]ecause the appeal is so insubstantial as to not warrant further review, it shall not be permitted to proceed." (Id., ECF No. 13.)

[4] The Prison Litigation Reform Act of 1995 (PLRA) requires, in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1 whom allegedly work for the California Government Claims Board.  Plaintiff demands a jury trial
2 and seeks damages from each defendant in the amount of "90.000.00."  (Sic.)
3       The complaint omits any reference to imminent physical injury, and none can be
4 reasonably inferred.  The complaint was filed four months after the challenged incident, and is
5 limited to a property claim. The undersigned finds that plaintiff has failed to demonstrate that he
6 was in imminent danger of physical injury when he filed the complaint.  For this reason, plaintiff
7 is precluded from proceeding in forma pauperis in this action.
8       Further, the undersigned finds that plaintiff has failed to state a potentially cognizable
9 legal claim, which cannot be cured by amendment, and therefore recommends that this action be
10 dismissed forthwith.
11       The court is required to screen complaints brought by prisoners seeking relief against a
12 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In
13 reviewing a complaint under this standard, the court must accept as true the allegations of the
14 complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976),
15 construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
16 plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court must dismiss a
17 complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or
18 malicious," that fail to state a claim upon which relief may be granted, or that seek monetary
19 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
20 A claim is frivolous when based on an indisputably meritless legal theory or where the factual
21 contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also
22 Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A complaint fails to state a claim
23 when it appears beyond doubt that plaintiff can prove no set of facts in that would entitle him to
24 relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41,
25 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir.
26 1981).
27       The instant complaint fails to state a potentially cognizable civil rights claim based on the
28 alleged failure to inventory plaintiff's personal property.  Even if plaintiff alleged a resulting

deprivation of property, which he does not, "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Govt. Code §§ 810–895." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Further, plaintiff's trivial claim, in tandem with naming statewide officials as defendants, and seeking exorbitant damages, renders the complaint frivolous.

Amendment of the complaint cannot cure these defects. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez, 203 F.3d at 1124.

For these reasons, the undersigned recommends that plaintiff's complaint be dismissed with prejudice, as both frivolous and for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. This court's order filed May 5, 2014 (ECF No. 5), is vacated.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis be denied, due to plaintiff's status as a three strikes litigant under 28 U.S.C. § 1915(g);

2. The complaint be dismissed as frivolous and for failure to state a claim; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated:  May 20, 2014

5 | harr0977.3strikes.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE